# AGREEMENT
## for the
## ASSIGNMENT OF CAUSES OF ACTION/ COVENANT NOT TO EXECUTE/RELEASE OF CLAIM TO UIM OR UM SETTLEMENT PROCEEDS

THIS AGREEMENT for the ASSIGNMENT OF CAUSES OF ACTION AND COVENANT NOT TO EXECUTE AND RELEASE OF CLAIM TO UIM OR UM SETTLEMENT PROCEEDS ("AGREEMENT"), dated December 26, 2018, is made by and between TERESA THOMPSON and THE ESTATE OF WINFIELD THOMPSON, SR. (collectively referred to herein as "THOMPSON"), and MELISSA PROCHNOW ("MELISSA") and JAMIE HELGESON ("JAMIE"), individually and as Representatives of the ESTATE OF NICHOLAS HELGESON ("ESTATE OF HELGESON").

### Recitals

1. WHEREAS, THOMPSON had claims against Nicholas Helgeson, deceased, arising out of a November 6, 2009, motor vehicle accident which occurred on Highway 127, Roberts County, South Dakota, which accident was the subject of the wrongful death/personal injury action titled *Teresa Ann Thompson, Individually, and as Special Administrator for the Estate of Winfield Thompson, Sr., Deceased v. The Estate of Nicholas Helgeson, deceased, and Melissa Prochnow (mother of Nicholas Helgeson), and Jamie Helgeson (father of Nicholas Helgeson), as Representatives of the Estate of Nicholas Helgeson*, State of South Dakota, Fifth Judicial Circuit, County of Roberts, CIV FILE NO. 12-105 (hereinafter the "Civil Action");

2. WHEREAS, THOMPSON obtained an Amended Judgment dated March 14, 2018 against the ESTATE OF HELGESON in the Civil Action in the total amount of $160,684.12;

3. WHEREAS, Nicholas Helgeson had an insurance policy with liability coverage through Nodak Mutual Insurance Company (now known as Nodak Insurance Company, hereinafter "Nodak"), policy number PAND000419882, with per person per accident policy limits of $100,000 for bodily injury liability;

4. WHEREAS Nodak hired attorney William Harrie ("Harrie") and the law firm Nilles, Selbo & Harrie, Ltd. (the "Nilles Law Firm") to defend Nicholas Helgeson and the ESTATE OF HELGESON, in the Civil Action;

5. WHEREAS, THOMPSON, MELISSA, JAMIE, and the ESTATE OF HELGESON wish to resolve THOMPSON's claims against THE ESTATE OF HELGESON, MELISSA and JAMIE on the basis of the ESTATE OF HELGESON *assigning any and all of its causes of action* against Nodak, Harrie and the Nilles Law Firm,

1



specifically including but not limited to any and all bad faith, barratry, fraud, deceit, unauthorized practice of law, civil conspiracy, punitive damages, and potential legal negligence/malpractice causes of action it may hold, and specifically including any portion of the claim for benefits that might possibly be due under the Nodak policy, to THOMPSON in exchange for, and in consideration of, THOMPSON's *covenant not to execute* on the ESTATE OF HELGESON'S estate assets and/or personal assets, now owned or hereafter acquired, for any portion of the Amended Judgment in the Civil Action, which judgment shall be considered to include taxable costs and interest, and THOMPSON's *release* of any and all claims against MELISSA, JAMIE and the ESTATE OF HELGESON to the UIM or UM settlement proceeds received by MELISSA and JAMIE following Nicholas Helgeson's death;

THEREFORE, in consideration of the mutual covenants set forth herein, the parties agree as follows:

### Agreement

1. The ESTATE OF HELGESON shall assign to THOMPSON any and all claims/causes of action, including but not limited to claims for bad faith, barratry, fraud, deceit, unauthorized practice of law, civil conspiracy, punitive damages, and legal negligence/malpractice, which the ESTATE OF HELGESON had at the time of entry of judgment in Civ. No. 12-105, against Nodak, Harrie and the Nilles Law Firm, and which arise out of the claims at issue in the Civil Action, and which arise out of the handling of the Civil Action and/or related insurance claims and/or out of the potential claims concerning Harrie and/or the Nilles Law Firm, and/or out of the acts and omissions of those parties undertaken in connection with the claims underlying the Civil Action, and also including any claims made and/or anticipated to be made in the pending Federal Court civil action in Case No. 4:18-CV-4022-KES.

2. THOMPSON shall have the option to bring an action or actions against Nodak, Harrie and the Nilles Law Firm, on the claims/causes of action assigned to them by this instrument. THOMPSON shall bear all costs and attorneys fees in prosecuting any such action.

3. The ESTATE OF HELGESON, if necessary and requested by THOMPSON, shall cooperate to the extent necessary to assist THOMPSON in prosecuting any action against Nodak, Harrie and/or the Nilles Law Firm. The ESTATE OF HELGESON shall have no liability for any portion of the costs or attorneys fees that THOMPSON may incur in prosecuting any such action .

4. If THOMPSON obtains a final judgment(s) against Nodak, Harrie and/or the Nilles Law Firm, or obtains a settlement(s) of one or more of those claims, THOMPSON shall be entitled to retain the proceeds from the judgment or settlement.

2

5. To the fullest extent allowed by law, THOMPSON shall hold the ESTATE OF HELGESON harmless in the event of a defense verdict(s) in the assigned causes of action, from any and all costs taxed to THOMPSON by the court and from any obligations. THOMPSON further warrants that THOMPSON will indemnify, defend, and hold harmless the ESTATE OF HELGESON from any claims asserted by third parties in any way related or connected to the November 6, 2009, incident identified above.

6. THOMPSON shall covenant, and hereby does covenant, not to execute the civil judgment in Civ. No. 12-105, against the ESTATE OF HELGESON, which judgment shall be considered to include taxable costs, fees and interest, upon any of the ESTATE OF HELGESON'S estate and personal assets, now owned or hereafter acquired.

7. THOMPSON hereby releases any and all claims against MELISSA, JAMIE and the ESTATE OF HELGESON to the wrongful death UIM or UM settlement proceeds received by MELISSA and JAMIE following Nicholas Helgeson's death;

8. THIS AGREEMENT, as well as the separate **Assignment of Causes of Action** and the **Covenant Not to Execute and Release of Claim to UIM or UM Settlement Proceeds**, below, is intended by the parties to be interpreted in accord with *Kobbeman v. Oleson*, 1998 SD 20, 574 N.W.2d 633.

9. This AGREEMENT, as well as the separate **Assignment of Causes of Action** and **Covenant Not to Execute and Release of Claim to UIM or UM Settlement Proceeds**, below, is intended by the parties to be governed by the laws of the State of South Dakota, and to be construed according to the laws of the State of South Dakota.

BY THEIR SIGNATURES BELOW, the parties signify their agreement to execute and hereby make effective, the **Assignment of Causes of Action** and the **Covenant Not to Execute and Release of Claim to UIM or UM Settlement Proceeds**, below.

Dated 26th day of December 2018.

*Melissa Prochnow*
Melissa Prochnow

STATE OF ND ）
COUNTY OF Cass ） §

BEFORE ME, the undersigned authority, personally appeared Melissa Prochnow, known to me to be the person whose name is subscribed to the within instrument, and she acknowledged that she executed the same for the purposes described herein.

IN THE WITNESS WHEREOF I have hereunto set my hand and official seal.

*Darla P. Dybwad*
Notary Public, State of ND

My Commission expires: 6-04-2021

(SEAL)

> DARLA P. DYBWAD
> Notary Public
> State of North Dakota
> My Commission Expires June 4, 2021

5

Dated 26th day of December, 2018.

_Jamie C. Helgeson_
Jamie Helgeson

STATE OF ND )
                        ) §
COUNTY OF Cass )

BEFORE ME, the undersigned authority, personally appeared Jamie Helgeson, known to me to be the person whose name is subscribed to the within instrument, and he acknowledged that he executed the same for the purposes described herein.

IN THE WITNESS WHEREOF I have hereunto set my hand and official seal.

_Darla P. Dybwad_
Notary Public, State of ND

My Commission expires: 6-04-2021

(SEAL)

DARLA P. DYBWAD
Notary Public
State of North Dakota
My Commission Expires June 4, 2021

6

## Assignment of Causes of Action

Judgment in the above-referenced Civil Action having been entered, and such judgment being in excess of the Nodak policy limit, Melissa Prochnow and Jamie Helgeson, as Representatives of the ESTATE OF NICHOLAS HELGESON, hereby assign the causes of action described in paragraph 1, above, to, TERESA THOMPSON and THE ESTATE OF WINFIELD THOMPSON, SR., which assignment is subject to the terms set forth in the AGREEMENT above.

Dated 26th day of December, 2018.

_Melissa Prochnow_
Melissa Prochnow

STATE OF ND )
                        ) §
COUNTY OF Cass )

BEFORE ME, the undersigned authority, personally appeared Melissa Prochnow, known to me to be the person whose name is subscribed to the within instrument, and she acknowledged that she executed the same for the purposes described herein.

IN THE WITNESS WHEREOF I have hereunto set my hand and official seal.

_Darla P. Dybwad_
Notary Public, State of ND

My Commission expires: 6-04-2021

(SEAL)

DARLA P. DYBWAD
Notary Public
State of North Dakota
My Commission Expires June 4, 2021

7

Dated 26th day of December 2018.

Jamie Helgeson

STATE OF ND )
COUNTY OF Cass ) §

BEFORE ME, the undersigned authority, personally appeared Jamie Helgeson, known to me to be the person whose name is subscribed to the within instrument, and he acknowledged that he executed the same for the purposes described herein.

IN THE WITNESS WHEREOF I have hereunto set my hand and official seal.

Darla P. Dybwad
Notary Public, State of ND

My Commission expires: 6-04-2021

(SEAL)

DARLA P. DYBWAD
Notary Public
State of North Dakota
My Commission Expires June 4, 2021

8

### Covenant Not to Execute
### and
### Release of Claim to UIM or UM Settlement Proceeds

Judgment in the above-referenced Civil Action having been entered, and such judgment being in excess of the Nodak liability insurance $100,000.00 policy limit, TERESA THOMPSON and THE ESTATE OF WINFIELD THOMPSON, SR., hereby agree and covenant not to execute the judgment against the ESTATE OF HELGESON or upon any of the ESTATE OF HELGESON'S estate and/or personal assets.

TERESA THOMPSON and the ESTATE OF WINFIELD THOMPSON, SR. hereby release any and all claims against MELISSA PROCHNOW, JAMIE HELGESON and the ESTATE OF HELGESON to the wrongful death UIM or UM settlement proceeds received by MELISSA PROCHNOW and JAMIE HELGESON following Nicholas Helgeson's death.

Dated 3rd day of Jan, 2019.

_____
Teresa Thompson
Individually and as Personal
Representative/Special
Administrator of the Estate of
Winfield Thompson, Sr.

STATE OF South Dakota )
                      ) §
COUNTY OF Roberts     )

BEFORE ME, the undersigned authority, personally appeared Teresa Thompson, known to me to be the person whose name is subscribed to the within instrument, and she acknowledged that she executed the same for the purposes described herein.

IN THE WITNESS WHEREOF I have hereunto set my hand and official seal.

Verlyn Beaudreau
My Commission Expires 3-17-23

_____
Notary Public, State of South Dakota

My Commission expires: _____

9